STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David Miner    }
                                    }
                                    }   Docket No. 148-8-99 Vtec
                                    }
                                    }

Order on Remaining Issues

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Charlotte. Appellant is represented by Thomas A. Little, Esq. and David W.M. Conard, Esq. The Town of Charlotte had entered an appearance in this matter but has since withdrawn. Mr. (James) Louis Cox failed to qualify for party status as an individual under 24 V.S.A. ' 4464(b)(3), and he and other petitioning individuals failed to qualify for party status under 24 V.S.A. ' 4464(b)(4). Accordingly, there are no other parties.

Appellant= s property is a 2.88-acre lot on the corner of Greenbush Road and Orchard Road. It contained a brick house dating from approximately 1840, set back 40 feet from the centerline of Greenbush Road, and screened from Greenbush Road by an existing dense cedar hedge in front of the house. It had contained a former barn or outbuilding used as a garage, set back 65 feet from the centerline of Greenbush Road. A line of substantial old cedar trees runs along the side of the former outbuilding. The required front yard setback is 100 feet. Accordingly, the house and outbuilding qualified as pre-existing structures, nonconforming as to setback. It is also possible that they may have qualified as designated historic buildings under ' 5.5, but that information has not been presented to the Court.

At some time prior to 1995, Appellant had renovated the former garage for living space. It is possible that this renovation would have qualified for the special provisions of ' 5.5 of the Charlotte Zoning Bylaws. It is also possible that construction of an alternative garage could have been permitted by the ZBA as a conditional use under that section, in connection with the other provisions of ' 5.5 allowing the renovation of the former outbuilding for living space. It is also possible that construction of an alternative garage could have been permitted as an extension to the pre-existing, non-conforming structure that would not make it more nonconforming.

Nevertheless, Appellant applied for and was issued a variance in 1995 to construct a garage close to the corner of the former outbuilding, so that the front of the new garage would extend no closer to Greenbush Road than the front of the existing non-conforming house, that is, 40 feet from the centerline of the road. The preservation of the cedar hedge in front of the house, the preservation of the line of large cedars screening the south side of the former outbuilding, and the existence of wetlands and poor sight distances precluding an alternative entrance to the property (presumably, if a garage were to have been located on the other side of the house) were cited in the ZBA= s variance decision. In the present case the Court makes no ruling on whether the 1995 variance was warranted[1] under the five criteria that must be met to qualify for a

variance. ' 7.4(B). Regardless of whether it was warranted, it was issued, no party appealed, and it became final.

During construction in 1995, it became apparent that the new garage could not be constructed in its approved location without damaging more of the old cedar trees in the line of old trees next to the former outbuilding than had been contemplated in the 1995 variance decision. At that point, Appellant should have applied for an amendment to his variance, to allow the garage to be constructed in a location which would not damage the trees. The garage was constructed approximately eight feet closer to Greenbush Road than the approved location, and Appellant now seeks an amendment[2] to his 1995 variance to allow the as-built location, and proposes to install a new cedar hedge[3] close to and in front of the garage to match the existing hedge in front of the house.

If the cedar hedge is installed in front of the garage as shown on the proposed plan, it will be located no closer to the road than is the cedar hedge in front of the house, which the 1995 variance decision sought to preserve. Equally, the 1995 variance decision sought to preserve the line of old cedar trees along the side of the former outbuilding, to screen the property from the view of neighboring houses in an adjacent subdivision to the south and west. Based on these facts, the as-built location will have no greater impact on the issues considered in the 1995 variance than did the location approved in the 1995 variance. Accordingly, the proposed amendment to the 1995 variance is granted for the as-built location, with the addition of the cedar hedge in front of the garage.

Done at Barre, Vermont, this 5th day of March, 2001.

_____

Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]     With respect to the issuance of the 1995 variance, we note for the consideration of the former parties that the strict requirements of the variance statute, 24 V.S.A. §4468(a), do not lend themselves to making common-sense exceptions to accommodate expansions to pre-existing nonconforming historic structures. The Town may wish to consider amendments to its §5.5 regarding the use of existing historic structures, and to §6.6 regarding non-conforming uses and non-complying structures, to better carry out Town policy regarding accessory buildings for existing historic structures within the front setback.

[2.] We do not have the application or the ZBA's decision from which the present appeal was taken. The ZBA may have analyzed the application as a new variance. However, the consideration of an amendment to an existing variance differs from that of a new variance. We examine only whether the differences between the location approved in the 1995 variance and the as-built location warrant the amendment.

[3.] Appellant also proposes a split-rail fence. It appears that a low, non-opaque fence may not fall within the definition of a structure for which a zoning permit is required. Therefore this decision does not address the fence.